FILED

2018 APR 10  PM 3: 35

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JULIO CESAR MUNOZ-VALDES
  a/k/a "Francisco Munoz-Valdez"
  a/k/a "Ruso" and
NARCISO GOMEZ-CARRILLO
  a/k/a "Narciso Gomez"
  a/k/a "Machigua"
  a/k/a "Delfin"

CASE NO. 8:18cr177 T24 J SS

46 U.S.C. § 70506(a) and (b)
46 U.S.C. § 70503(a)
21 U.S.C. §§ 959 and 963



**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

Beginning on an unknown date, but from at least as early as January

2016, and continuing until on or about the date of this indictment, the

defendants,

> JULIO CESAR MUNOZ-VALDES
> a/k/a "Francisco Munoz-Valdez"
> a/k/a "Ruso", and
> NARCISCO GOMEZ-CARRILLO
> a/k/a "Narciso Gomez"
> a/k/a "Machigua"
> a/k/a "Delfin",



each of whom will be first brought into the United States at a point in the

Middle District of Florida, did knowingly, willfully, and intentionally

combine, conspire, and agree with other persons, both known and unknown to the Grand Jury, including persons who were on board a vessel subject to the jurisdiction of the United States and who first entered the United States at a place in the Middle District of Florida, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of 46 U.S.C. § 70503(a)(1).

All in violation of 46 U.S.C. § 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

Beginning on an unknown date, but from at least as early as January 2016, and continuing until on or about the date of this indictment, the defendant,

> JULIO CESAR MUNOZ-VALDES
> a/k/a "Francisco Munoz-Valdez"
> a/k/a "Ruso", and
> NARCISCO GOMEZ-CARRILLO
> a/k/a "Narciso Gomez"
> a/k/a "Machigua"
> a/k/a "Delfin",

each of whom will be first brought into the United States at a point in the Middle District of Florida, did knowingly, willfully, and intentionally combine, conspire, and agree with other persons, both known and unknown

to the Grand Jury, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, contrary to the provisions of 21 U.S.C. § 959.

All in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii); and 18 U.S.C. § 3238.

## FORFEITURE

1.      The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 46 U.S.C. § 70507, 21 U.S.C. §§ 853, 881(a) and 970, and 28 U.S.C. § 2461(c).

2.      Upon conviction of the violations alleged in Count One of the Indictment, the defendant shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. §§ 853 and 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C.§ 881(a)(1) through (11), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

3

3.      Upon conviction of the violations alleged in Count Two of the Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

       (a)     cannot be located upon the exercise of due diligence;

       (b)     has been transferred or sold to, or deposited with, a third person;

       (c)     has been placed beyond the jurisdiction of the Court;

       (d)     has been substantially diminished in value; or

       (e)     has been commingled with other property which cannot be subdivided without difficulty,

4

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By:  _____
Matthew H. Perry
Assistant United States Attorney

By:  _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Panama Express Strike Force

FORM OBD-34
April 18

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JULIO CESAR MUNOZ-VALDES
a/k/a "Francisco Munoz-Valdez"
a/k/a "Ruso", and
NARCISCO GOMEZ-CARRILLO
a/k/a "Narciso Gomez"
a/k/a "Machigua"
a/k/a "Delfin"

## INDICTMENT

Violations:   46 U.S.C. §§ 70506(a) and (b) and 70503(a) and
21 U.S.C. §§ 959 and 963

A true bill,

_____
Foreperson

Filed in open court this 10th day

of April 2018.

_____
Clerk

Bail $ _____

GPO 863 525